Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| PR RECOVERY AND DEVELOPMENT JV, LLC<br><br>Apelada<br><br>v.<br><br>ANJA M. ROJAS LÓPEZ<br><br>Apelante | KLAN202301119 | *Apelación* procedente del Tribunal de Primera Instancia Sala de Superior de Fajardo<br><br>Caso Núm.: FA2023CV00133<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 2 de abril de 2024.

Comparece ante nos, la *Sra. Anja M. Rojas López* (en adelante, "señora Rojas López o apelante"), para que revisemos la *Sentencia* dictada el 26 de octubre de 2023,[1] por el Tribunal de Primera Instancia, Sala Superior de Fajardo (en adelante, "TPI"). Allí, fue declarada *Ha Lugar* la demanda presentada por *PR Recovery and Development JV, LLC* (en adelante, "*PR Recovery* o apelada–demandante").

Oportunamente, la apelante solicitó reconsideración. Sin embargo, la misma fue declarada *Sin Lugar* el 13 de noviembre de 2023.[2]

Evaluada la totalidad del expediente, **confirmamos** la *Sentencia* apelada. **Veamos.**

---

[1] Notificada el 27 de octubre de 2023.
[2] Notificada el 14 de noviembre de 2023.

**-I-**

El presente caso se origina con la presentación de una acción civil sobre cobro de dinero instada por *PR Recovery* el **7 de febrero de 2023** contra la señora Rojas López.[3] Específicamente, alegó que el *Contrato de Préstamo* estaba vencido, por lo que, la apelante le adeudaba la suma de **$103,407.87** más los intereses vencidos que ascendían a **$29,975.94**. Por lo cual, solicitó que se declarare la deuda vencida, líquida y exigible.

El **17 de abril de 2023**, *PR Recovery* presentó una solicitud de sentencia sumaria,[4] en la cual presentó y documentó quince (15) determinaciones de hechos materiales que no estaban en controversia y constataban el incumplimiento con los términos del contrato de préstamo. Señaló que la señora Rojas López adeudaba la suma de $103,407.87 más intereses vencidos, y que aun instada la reclamación no ha saldado la deuda. Acompañó la solicitud con los siguientes documentos: **(1)** *Contrato de Préstamo*,[5] **(2)** *Order Discharching Trustee and Closing the Case*,[6] **(3)** *Garantía Ilimitada y Continua*,[7] **(4)** *Pagaré Asegurado*,[8] **(5)** *Acuerdo de Gravamen Mobiliario*,[9] **(6)** *Declaración de Financiamiento*,[10] **(7)** *Declaración Jurada de Rose Alonso López* (*Asset Manager* de Island Portfolio Services, LLC),[11] y **(8)** la Carta de *Island Portfolio Service, LLC* referente al *Loan* #1010035513.[12]

Por su parte, el **24 de abril de 2023**, la señora Rojas López contestó la demanda,[13] y el **30 de mayo de 2023** sometió la oposición a la solicitud de sentencia sumaria.[14] En síntesis, aceptó

---

[3] Apéndice Suplementario de la Apelante, a las págs. 1 – 44.
[4] Apéndice Suplementario de la Apelante, a las págs. 91 – 142.
[5] Apéndice Suplementario de la Apelante, a las págs. 102 – 118.
[6] Apéndice Suplementario de la Apelante, a la pág. 119.
[7] Apéndice Suplementario de la Apelante, a las págs. 120 – 121.
[8] Apéndice Suplementario de la Apelante, a las págs. 122 – 124.
[9] Apéndice Suplementario de la Apelante, a las págs. 125 – 133.
[10] Apéndice Suplementario de la Apelante, a las págs. 134 – 139.
[11] Apéndice Suplementario de la Apelante, a las págs. 140 – 141.
[12] Apéndice Suplementario de la Apelante, a la pág. 142.
[13] Apéndice Suplementario de la Apelante, a las págs. 146 – 148.
[14] Apéndice Suplementario de la Apelante, a las págs. 155 – 166.

que, en las primeras doce (12) determinaciones de hechos materiales presentada por *PR Recovery,* no existían controversias. No obstante, en cuanto a las determinaciones de hechos —número 13, 14 y 15— relativas al incumplimiento de la deuda, adujo que no se había corroborado que *PR Recovery* fuera el tenedor del pagaré; además, no había prueba en el expediente tendente a demostrar la cantidad adeudada. Para sostener su oposición sometió una *Declaración Juarda.*[15]

Tras varios incidentes, el **19 de octubre de 2023** *PR Recovery* replicó la oposición.[16] En esencia, arguyó que la apelante no controvirtió conforme a derecho, ya que se limitó a realizar alegaciones sin evidencia.

Atendida la solicitud de sentencia sumaria, el TPI emitió una *Sentencia* el **26 de octubre de 2023**.[17] En esencia, resolvió que <u>no</u> existían controversias en las quince (15) determinaciones de hechos materiales presentadas por *PR Recovery.* Por lo que declaró *Ha Lugar* la solicitud de sentencia sumaria. En lo pertinente, expresó:

> *[T]oda vez que no existe controversia de hechos materiales al presente caso, entendemos que el mecanismo de sentencia sumaria es el que mejor dispone de este asunto, por lo que procedemos declarar CON LUGAR la Moción de Sentencia Sumaria presentada por la Demandante. De conformidad con la Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2, y la doctrina jurídica establecida por el Tribunal Supremo en el caso de Pérez Vargas v. Office Depot/Office Max, Inc., 203 DPR 687, 703 (2019), se dicta esta Sentencia Sumaria declarando Con Lugar la Demanda.*
>
> *Por los fundamentos señalados, se declara HA LUGAR la Moción de Sentencia Sumaria presentada por la Demandante (Entrada 19), y,* **en consecuencia, se declara Ha Lugar la Demanda, y se condena a la Demandada ANJA M. ROJAS LOPEZ a pagar a la Demandante la suma principal de $103,407.87 más los intereses vencidos** *según pactados que al 17 de febrero de 2023 (fecha de la Demanda) ascendían a la suma de $29,975.94 y aumentan a razón de $21.25 diariamente hasta su saldo total, y la cantidad de $10,000.00 por concepto de costas y honorarios de abogado pactados en el Pagaré y ajustados por el tribunal.*[18]

---

[15] Apéndice Suplementario de la Apelante, a las págs. 165 – 166.
[16] Apéndice Suplementario de la Apelante, a las págs. 176 – 183.
[17] Notificada el 27 de octubre de 2023.; Apéndice Suplementario de la Apelante, a las págs. 184 – 187.
[18] Apéndice Suplementario de la Apelante, a la pág. 187. *Énfasis nuestro.*

Inconforme, el **13 de noviembre de 2023** la señora Rojas López solicitó reconsideración del dictamen.[19] En la **misma fecha**,[20] el TPI declaró *Sin Lugar* la solicitud de reconsideración;[21] y en lo pertinente, esbozó:

> [L]a Sentencia emitida a tenor con la Regla 42.2 de Procedimiento Civil no es una sanción contra la parte perdidosa sino una adjudicación por el tribunal de que no existe controversia de hechos materiales y que la moción de sentencia sumaria procede en su totalidad. *Pérez Vargas v. Office Depot/Office Max, Inc.*, 203 DPR 687 (2019).[22]

Aún inconforme, el **14 de diciembre de 2023** la señora Rojas López presentó un recurso de apelación y señala el siguiente error:

> *ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA SALA SUPERIOR DE LUQUILLO AL DICTAR SENTENCIA SUMARIA DECLARANDO HA LUGAR LA DEMANDA A PESAR DE QUE SE DEMOSTRÓ EXISTE CONTROVERSIA DE HECHOS QUE DEBEN SER VENTILADAS Y CONTROVERTIDAS EN UN JUICIO PLENARIO.*

Tras varios asuntos, el **19 de enero de 2024** compareció *PR Recovery* y presentó su oposición al recurso de apelación.

**-II-**

**-A-**

En nuestro ordenamiento, el mecanismo de sentencia sumaria procura, ante todo, aligerar la tramitación de aquellos casos en los cuales no existe una controversia de hechos real y sustancial que exija la celebración de un juicio en su fondo.[23] A tal efecto, la Regla 36 de las de Procedimiento Civil dispone el proceso mediante el cual cualquiera de las partes puede solicitar al tribunal que dicte sentencia sumaria a su favor.[24] De esta forma, cuando cualquier parte le solicite al tribunal que el pleito sea resuelto por la vía sumaria, deberá demostrar en su solicitud, *"la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para*

---

[19] Apéndice Suplementario de la Apelante, a las págs. 189 – 191.
[20] Notificada el 14 de noviembre de 2023.
[21] Apéndice Suplementario de la Apelante, a las págs. 192 – 193.
[22] *Id.*, a la pág. 193.
[23] *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018).
[24] *Reglas de Procedimiento Civil* 2009, 32 LPRA Ap. V., R. 36.

*que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación".*[25]

Los hechos esenciales y pertinentes a los que se refieren las Reglas de Procedimiento Civil son los que se conocen como *"hechos materiales".*[26] Al respecto, un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. Además, la controversia sobre el hecho material tiene que ser real. Esto es, que una controversia no es siempre real o sustancial o genuina. La controversia debe ser de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario.[27]

Ahora bien, la Regla 36.3 de Procedimiento Civil, detalla el procedimiento que deben seguir las partes al momento de solicitar que se dicte una sentencia sumaria a su favor.[28] A esos efectos, la mencionada regla establece que una solicitud al amparo de ésta deberá incluir: **(1)** una exposición breve de las alegaciones de las partes; **(2)** los asuntos litigiosos o en controversia; **(3)** la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; **(4)** una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; **(5)** las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable; y **(6)** el remedio que debe ser concedido.[29]

---

[25] 32 LPRA Ap. V., R. 36.1 y 36.2.
[26] *Id.*
[27] 32 LPRA Ap. V., R. 36.1.; *Ramos Pérez v. Univisión,* 178 DPR 200, 213-214 (2010).
[28] 32 LPRA Ap. V, R. 36.3.
[29] *Id.; Pérez Vargas v. Office Depot / Office Max, Inc.,* 203 DPR 687, 698 (2019).

Presentada una solicitud de sentencia sumaria, la parte que se opone a la concesión de la misma también deberá cumplir con ciertos requisitos preceptuados en la referida regla y **deberá** argumentar el derecho aplicable a la controversia, ya sea para que el pleito no sea resuelto por la vía sumaria, o para que se dicte sentencia sumaria a su favor.

Es decir, el hecho de que una parte solicite sentencia sumaria no implica que la misma debe ser resuelta a su favor. Esto es así porque la sentencia sumaria puede dictarse a favor o en contra del promovente, según proceda en derecho.[30]

El criterio rector al momento de considerar la procedencia de un dictamen sumario es que no haya controversia sobre los hechos esenciales y pertinentes, según alegados por las partes en sus respectivas solicitudes y/o oposiciones, y que sólo reste aplicar el Derecho.[31] Es por ello que, una moción de sentencia sumaria adecuadamente presentada solo puede negarse si la parte que se opone a ella presenta hechos fundamentados que puedan mover a un juez a resolver a su favor.[32] Si el juez se convence de que no existe una posibilidad razonable de que escuchar lo que lee no podrá conducirlo a una decisión a favor de esa parte, debe dictar sentencia sumaria.[33] Quiere decir que, en ausencia de una controversia de hechos materiales discernible, corresponderá a los tribunales aplicar el Derecho y resolver conforme al mismo.[34]

En cambio, el TPI **no deberá** dictar sentencia sumaria cuando: **(1)** existen hechos materiales controvertidos; **(2)** hay alegaciones afirmativas en la demanda que no han sido refutadas; **(3)** surge de los propios documentos que se acompañan con la moción una

---

[30] *Rodríguez García v. UCA, supra, pág. 941.*
[31] *Id.*
[32] *Id.*
[33] *Id.*
[34] *Rodríguez García v. UCA, supra.*

controversia real sobre algún hecho material; y **(4)** como cuestión de derecho no procede.[35]

**-III-**

En **primer orden**, como foro apelativo, nos compete determinar si las partes cumplieron con los requisitos que impone la referida Regla 36 de Procedimiento Civil.[36] Veamos.

Un análisis de la solicitud nos lleva a concluir que *PR Recovery* cumplió con todos los trámites procesales correspondientes a la sentencia sumaria. No obstante, la oposición de la apelante no cumplió con ello.

En específico, *PR Recovery* cumplió con hacer una exposición breve de las alegaciones de las partes; delineó los asuntos en controversia; indicó la reclamación de la deuda en la sentencia sumaria; enumeró las quince (15) determinaciones hechos incontrovertidas, sosteniendo cada una de ellas con prueba admisible en evidencia; argumentó en derecho y solicitó el remedio que debía ser concedido.

En cambio, la señora Rojas López no cumplió con su deber de oponerse a la moción de sentencia sumaria, conforme a derecho. En específico, aceptó las primeras doce (12) determinaciones de hechos incontrovertidos; no obstante, en su intento por impugnar las determinaciones de hechos no controvertidas —número 13, 14 y 15— relativas al incumplimiento de la deuda, descansó en su declaración jurada en la que alegó albergar dudas sobre la cantidad reclamada y la validez del pagaré, sin presentar prueba en contrario.

En **segundo orden**, la señora Rojas López plantea que el TPI incidió al dictar sentencia sumaria y declarar con lugar la demanda. No tiene razón.

---

[35] *Vera v. Dr. Bravo*, 161 DPR 308, 333 – 334 (2004).
[36] 32 LPRA Ap. V, R. 36.

Contrario a la apelante, *PR Recovery* presentó los documentos: **(1)** *Contrato de Préstamo*,[37] **(2)** *Order Discharching Trustee and Closing the Case*,[38] **(3)** *Garantía Ilimitada y Continua*,[39] **(4)** *Pagaré Asegurado*,[40] **(5)** *Acuerdo de Gravamen Mobiliario*,[41] **(6)** *Declaración de Financiamiento*,[42] **(7)** *Declaración Jurada de Rose Alonso López* (*Asset Manager* de Island Portfolio Services, LLC),[43] y **(8)** la Carta de *Island Portfolio Service, LLC* referente al *Loan* #1010035513.[44] Con ello, probó que en efecto, hubo un incumplimiento de contrato, y que a causa de ello, la señora Rojas López debía la suma principal de $103,407.87 más otras sumas vencidas. Como ya indicamos, la parte apelante se limitó a presentar una declaración jurada en la que alegó, sin más, que existía duda sobre la suma adeudada y el pagaré.[45]

En fin, al estar en la misma posición que el TPI ante la *Moción de Sentencia Sumaria*, procedemos a —adoptar por referencia— *las quince (15) determinaciones de hechos incontrovertidos que asumió el foro primario en la Sentencia apelada* por entender que están sustentados en la prueba que se acompañó en la solicitud de sentencia sumaria.

En consecuencia, no erró el foro apelado al declarar *Ha Lugar* la *Demanda* instada y condenar a la apelante al pago de las sumas adeudadas.

**-IV-**

Por los fundamentos antes expuestos, **confirmamos** la *Sentencia* apelada.

---

[37] Apéndice Suplementario de la Apelante, a las págs. 102 – 118.
[38] Apéndice Suplementario de la Apelante, a la pág. 119.
[39] Apéndice Suplementario de la Apelante, a las págs. 120 – 121.
[40] Apéndice Suplementario de la Apelante, a las págs. 122 – 124.
[41] Apéndice Suplementario de la Apelante, a las págs. 125 – 133.
[42] Apéndice Suplementario de la Apelante, a las págs. 134 – 139.
[43] Apéndice Suplementario de la Apelante, a las págs. 140 – 141.
[44] Apéndice Suplementario de la Apelante, a la pág. 142.
[45] Apéndice Suplementario de la Apelante, a las págs. 165 – 166.

Lo acordó el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones